CUR. ADVIS. VULT.

------ ❖ ------

*EMERSON* vs. *LOZANO.*

JUDGMENT being had in the parish court, against the defendant, who was absolutely dis- abled to attend to his suit, by a violent sickness, in the paroxysms of which he was frequently deli- rious ; after the time during which an appeal could be successfully prayed, so as to prevent the exe- cution issuing, he moved for a *certiorari* to bring up the record of the suit, and a *supersedeas* to the sheriff : upon affidavit of merits, stating the deranged situation of the affairs of the plaintiff, which rendered it doubtful that, in case of suc- cess, the defendant might obtain his money back, if he paid it to the sheriff. The defendant further offered to pay the amount of the judgment in the clerk's office, on the court making an order that it might remain there, till the appeal was de-

Party, disabled timely to pray an appeal, re- lieved.

Ll

*Spring 1811.*
*First District.*

SYNDICS OF
SEGUR
*vs.*
BROWN.

termined. The defendant had no counsel in the parish court, being himself an attorney.

*By the Court.* Since the defendant offers to pay the money into court, it would be wrong in the court not to hold him thereto. When the merits of the cause are sworn to be with the party who seeks for a reconsideration of the case in this court, and it clearly appears that without any latches on his part, and by events not within his control, he has been disabled from praying the appeal in due time, so as to prevent the issuing of the execution, this court will relieve against the accident, if the applicant be ready to place his adversary in as safe a situation, as if the application had been made below in due time.

MOTION ALLOWED.

*Livingston* for the motion. *Depeyster* contra.